UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINDY INVESTMENTS, III, L.P., ET AL      CIVIL ACTION

VERSUS                         NO. 94-4112

SHAKERTOWN CORPORATION, ET AL     SECTION "C" (5)

<u>ORDER AND REASONS</u>

This matter comes before the Court on motions for relief from judgment filed by

Shakertown 1992, Inc. ("Shakertown 1992")  and Commerce and Industry Insurance

Company of Canada ("C&I").  Having considered the record, the memoranda of

counsel and the law, the Court has determined that relief from judgment is appropriate

for the following reasons.

In 1994, the plaintiffs filed suit regarding allegedly defective shingle siding

manufactured by Shakertown 1992 and installed on apartment buildings owned by

Magnolia Creek Apartments, L.P. ("Magnolia") and Lindy Investments III, L.P.

("Lindy") .  On May 1, 1998, a jury returned a verdict in the plaintiffs' favor after trial.

These motions concern the continued viability of a portion of the Court's September 30,

1998, amended judgment in favor of these plaintiffs and against Shakertown 1992  and

1

C&I relative to the plaintiffs' claims for rescission of sale under Louisiana's redhibition law.   That amended judgment awarded money damages to Magnolia and Lindy with the condition that each plaintiff return to Shakertown 1992 "the shingles made the subject of the rescission of sale as a condition precedent to the execution of any money judgment." (Rec. Doc. 388, p. 2).   Magnolia and Lindy have vehemently disagreed with the propriety of the condition precedent.  That portion of the amended judgment was, however, affirmed by the Fifth Circuit on appeal.[1]  *Lindy Investments, L.P. v. Shakertown 1992 Corp.*, 209 F.3d 802, 809 (5th Cir. 2000).   The Fifth Circuit's mandate was issued on August 21, 2000.  (Rec. Doc. 396).   The amended judgment did not contain a date certain for satisfaction of the condition precedent and the return of the siding.

These motions provide the first record indication that the plaintiffs have an interest in satisfying the condition precedent and receiving the money award in the amended judgment.[2]   In the years during which the amended judgment has laid dormant, the plaintiffs painted and repaired the siding, apparently at their own expense.

According to the plaintiffs in their opposition, Lindy "made the decision" to

---

[1]      The relevant portions of the amended judgment also awarded Magnolia and Lindy with "reasonable expenses" incurred by them in removing the siding along with a credit for use of the siding, both based on evidence presented at trial.

[2]      The amended judgment was affirmed in 2000.  The last action of record concerns attorney's fees in 2003.

2

replace the siding sometime in 2007 and began advising Shakertown 1992's counsel of

its intent in August 2007.  (Rec. Doc. 415, p. 5).   In March 2008, Lindy made its first

effort toward returning the shingles and satisfying the condition precedent set forth in

the amended judgment by delivering a "container" with some removed siding to

Shakertown 1992.   That shipment was rejected by Shakertown 1992, which filed its

motion in the same month.[3]  Because of the plaintiffs' extended period of inactivity in

addressing the condition precedent in the amended judgment, Shakertown 1992 and

C&I move the Court to vacate the amended judgment under Fed. R. Civ. P. 60(b)(5) and

60(b)(6).[4]

 Shakertown 1992 and C&I maintain, first, that the motion is timely and made

within a reasonable time for purposes of Rule 60(c) because only the plaintiffs were in a

position to fulfill the condition precedent for execution of the judgment, and that the

condition has still not been fully satisfied.  They next argue that Rule 60(b)(5) applies

---

 [3] In addition, the record reflects that the plaintiffs never filed a motion for attorney's fees and have not pursued their claim for attorney's fees since June 2003.

 [4] Rule 60(b) provides in pertinent part:
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or **applying it prospectively is no longer equitable**; or
>  (6) **any other reason that justifies relief**.
(Emphasis added).

because of a change of circumstances subsequent to the issuance of the judgment that "render satisfaction of the condition precedent impossible and execution of the Judgment inequitable" since the plaintiffs have used the siding for an additional eight years since the amended judgment was affirmed for a total of fifteen years.  (Rec. Doc. 405, p. 6).   The movers argue that Rule 60(b)(6) also applies to this situation, because the plaintiffs through their deliberate conduct, have made it impossible to return the parties to the status quo ante.   Finally, the movers argue that the plaintiffs are barred from executing on the amended judgment by application of the doctrine of laches.

With regard to the intentional delay by plaintiffs in attempting to return the siding, Shakertown 1992 and C&I maintain that the plaintiffs have used the siding "for its entire useful economic life, making it impossible to return to the status quo, thereby circumventing the express intention of this Court." (Rec. Doc. 405, p. 9).   They argue that the amended judgment, with its award for the purchase price, the price of removal, and a credit for use of the siding until the time of trial, contemplated a timely return of the siding, because "[a]ny other interpretation would render the condition meaningless and abrogate the requirement that the parties be returned to the status quo ante." (Rec. Doc. 420, p. 3).   They point to Louisiana law, which provides for the performance of an obligation immediately or within a reasonable time if no time certain is provided under

4

La. Civ. Code arts. 1777 and 1778.[5]   The movers also argue that the delay of the return

in this redhibition case for rescission of the sale is "particularly unreasonable." "The

plaintiffs' purported 'return' of the siding last month after it was no longer useful to

them was merely a charade in order to collect on the judgment and makes a mockery of

the Court-imposed condition of returning the siding to Shakertown 1992." (Rec. Doc.

420, p. 5).

Magnolia and Lindy oppose the motion first with the argument that this Court

lacks jurisdiction to consider the pending motion.[6]   Next, they argue that the motion is

untimely because it was not filed by Shakertown and C&I within a "reasonable time"

from the plaintiffs' announcement of their intent to remove and replace the siding in

---

[5]      Article 1777 provides in pertinent part that "[p]erformance of an
obligation not subject to a term is due immediately,"
       Article 1778 provides as follows:
              A term for the performance of an obligation is a period of time either
              certain or uncertain.  It is certain when it is fixed.  It is uncertain when it is
              not fixed but is determinable either by the intent of the parties or by the
              occurrence of a future and certain event.  It is also uncertain when it is not
              determinable, in which case the obligation must be performed within a
              reasonable time.

[6]      The Court will not address this issue at length.   *See Standard Oil Co. of
California v. United States*, 429 U.S. 17, 19 (1976), (quoting *S.C. Johnson & Son, Inc. v.
Johnson*, 175 F.2d 176, 184 (2nd Cir. 1949), that appellate leave requirement "'an
unnecessary and undesirable clog on the proceedings.'"  The Court is hopeful that the
Fifth Circuit will find that "the district judge is not flouting the mandate by acting on
the motion."  *Standard Oil*, 429 U.S. at 18.

August 2007 and the removal of some of the siding in 2008.[7]

The focus of the opposition by Magnolia and Lindy is on the omission of a time certain  for return of the siding in the amended judgment.  They state, without offering legal support, that the amended judgment is a "money judgment" with no "prospective application" for purposes of Rule 60(b)(5).   They also argue that "the condition for the return of the siding contained in the judgment is not a form of relief; it merely is a contingency, subject to fulfillment by the prevailing parties, in order for those parties to secure the relief the court previously ordered."  (Rec. Doc. 415, p. 16).

The plaintiffs' opposition underscores their continued disagreement for the requirement of return of the shingles as a condition precedent to recovery, which was affirmed on appeal.  They cite the doctrine of "consumption by use" and argue that removal of the siding eight years ago would not have changed the condition of the siding in any material way.  They claim it is still defective , despite their continued use during the intervening years.   Again, these plaintiffs repeat their previously rejected interpretation of the jury's verdict, along with the argument that redhibition's requirement that the siding be returned was unfairly imposed on them, causing "the

---

[7]     The Court is not persuaded by this argument, although it does recognize the plaintiffs' continued displeasure with the return requirement.  (Rec. Doc. 415, pp. 13-14).

6

siding to be subject to premature replacement."   (Rec. Doc. 427, pp. 3-4).[8]  Finally, they

challenge any requirement that the performance of the condition precedent be

completed immediately or within a reasonable time under Louisiana or federal law.

The Court's research produced no case which directly discusses the effect of the

omission of a time certain in the amended judgment and the extensive delay in

tendering back the product.  It did, however, uncover what it considers solid guidance

for its decision.

**Reasonableness**

Two federal bankruptcy courts have interpreted federal judgments lacking the

provision of a time certain for completion of an act in the context of Fed. R. Civ. P. 70.[9]

The bankruptcy court in *In re Rains*, 338 B.R. 99, 103 (E.D.Cal. 2006), held that:

> Although the judgment did not specify a specific time in which [debtor]
> was required to perform his obligation to withdraw the $250,000, the
> phrase "fails to comply within the time specified" in Rule 70 logically
> means a "reasonable" time under the circumstances in the instance of a

---

[8]     The Fifth Circuit agreed with this Court's ruling that the jury's award of
the exact purchase price constituted a proper rescission of the sale.  *Lindy*, 209 F.3d at 10.
This ruling was based on the parties' own stipulations at trial.  *Lindy Investments, L.P. v.
Shakertown 1992 Corp.*, 1998 WL 426332 at *2 (E.D.La.).

[9]     Rule 70(a) provides:
   If a judgment requires a party to convey land, to deliver a deed or other
   document, or to perform any other specific act and the party fails to
   comply within the time specified, the court may order the act to be done –
   at the disobedient party's expense – by another person appointed by the
   court.  When done, the act has the same effect as if done by the party.

judgment that does not designate a time certain.

The *Rains* court noted that "Under any view of what constitutes a 'reasonable' time, the time in which [debtor] was required to withdraw the funds has already come and gone." *Id.*   Again, in the context of Rule 70, the Fifth Circuit has deemed Rule 70's "time specified" requirement to have been satisfied when the non-performing party "had the opportunity" to perform and did not.  *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1153 (5th Cir. 1988).

In determining when the plaintiffs were bound to return the siding under the amended judgment, the Court also finds sound guidance from the provisions both Articles 1777 and 1778, as argued by Shakertown 1992 and C&I.   More persuasive guidance, however, comes from redhibition cases which address the timing of the requisite return.   In general, tender must be made within a "reasonable time" after discovery of the defect.  *See e.g., Beneficial Finance Co. Of New Orleans v. Bienemy*, 244 So.2d 275, 281 (La. App. 4th Cir. 1971).   Although continued use of a defective product does not necessarily constitute a waiver of the right to rescind the sale, the plaintiff should make "only such use as the practicalities of the situation necessitated."  *Breaux v. Winnebago Industries, Inc.*, 282 So.2d 763, 769 (La. App. 1st Cir. 1973).

> The buyer bringing an action in redhibition is obligated to tender the object which he alleges to be defective or give a reasonable excuse for failure to do so. . . . If the object is not returned to the seller, or a reasonable excuse given, it follows that return of the purchase price

8

cannot be compelled.

*Starwood v. Taylor*, 434 So.2d 1236, 1238 (La. App. 1st Cir. 1983)(citations omitted).

Notably, Magnolia and Lindy do not attempt to explain their continued extensive post-judgment use of the siding.  Instead, they maintain that they were vested with unfettered discretion as to timing of the return as "prevailing," albeit disgruntled, parties.  They candidly admit that they continued to try to cure the defects made the subject of the 1998 trial and "[n]one of the repairs has cured the defects..."  (Rec. Doc. 415, p. 5).   Nevertheless, they chose that route in lieu of returning the siding within a reasonable time and having the purchase price refunded.   To continue to use the allegedly defective product for eight more years and then expect restoration of the purchase price is patently unfair to the defendants.

Under the circumstances presented, the Court finds that Magnolia and Lindy should have returned the siding and fulfilled the condition precedent in the amended judgment within a reasonable time.[10]  The Court also finds that a "reasonable time" has long passed.[11]

**Rule 60(b)**

---

[10]    To the extent that it needs to be made clear for the record, this Court considers no longer than a year from when the amended judgment was affirmed in 2000 to be the outside limit of a reasonable time.

[11]    Commendably, Magnolia and Lindy do not make the argument that the delay in attempting performance was "reasonable."

Rule 60(b) is to be construed liberally to do substantial justice. *Johnson Waste Materials v. Marshall*, 611 F.2d 593 (5th Cir. 1980. "The grounds and the procedure for setting aside a federal judgment are entirely a matter of federal law, on which state law may be disregarded." Charles Wright, Arthur Miller & Mary Kane, 11 *Federal Practice & Procedure* 2nd ed. § 2853 (West). "Rule 60(b) is available only to set aside a prior order or judgment; a court may not use Rule 60 to grant affirmative relief in addition to the relief contained in the prior order of judgment." James Wm Moore, 12 *Moore's Federal Practice* § 60.25 (LexisNexis 3d ed. 2008).

Courts have isolated certain factors that inform the court's consideration of a motion under Rule 60(b): (1) that final judgments should not lightly be disturbed; (2) that the motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether the judgment was on default or on the merits; (6) whether the judgment was issued after trial on the merits; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under examination. *Seven Elves, Inc. V. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). These factors are considered in light of the great desirability of preserving the finality of judgments. *Id.* The Court finds that, on balance, the factors weigh in favor of the movers for the following reasons.

10

The issue presented under Rule 60(b)(5) is whether "it is no longer equitable that the judgment should have prospective application." It authorizes relief where "conditions have changed such that continued enforcement of the judgment is inequitable." *Valentine Sugars, Inc. v. Sudan*, 34 F.3d 320, 321 (5th Cir. 1994).

Magnolia and Lindy oppose the 60(b)(5) relief sought by Shakertown 1992 and C&I with the argument that the amended judgment is a "money judgment." (Rec. Doc. 415, p. 14). The Court finds, however, that the conditional amended judgment issued in this matter is not a "money judgment"for all purposes, including the applicability of La. Civ. Code art. 3501, La. Code Civ. Pro. 2291 or Fed. R. Civ. P. 69.[12] "A money judgment is a judgment which allows a judgment creditor to proceed against any property of the debtor." *Bankers Trust of La. v. Smith*, 629 So.2d 525, 529 (La. App. 5th Cir. 1993). Here, Magnolia and Lindy could not execute the judgment without establishing that the condition precedent had been satisfied.[13] "Thus, the standard we

---

[12]     Rule 69(a)(1) provides that:
  A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

[13]     Despite their position that the amended judgment is a money judgment and the fact that they have not filed a motion, Magnolia and Lindy also ask for a "ruling" that the condition precedent has been satisfied. (Rec. Doc. 415, pp. 21-23).

apply in determining whether an order or judgment has prospective application within the meaning of Rule 60(b)(5) is whether it is 'executory' or involves 'the supervision of changing conduct or conditions ...'  *See* James Wm Moore, 12 *Moore's Federal Practice* § 60.47[1][a] (LexisNexis 3d ed. 2008), quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138-1139 (D.C. Cir. 1988).   Although it is beyond dispute that a money judgment does not have prospective application for purposes of Rule 60(b)(5), the Court finds that the amended judgment would not have become a money judgment absent the condition being satisfied.

In addition, the amended judgment does not constitute a consent decree or an injunction, as envisioned in Rule 60(b)(5) jurisprudence.   It is a conditional judgment, which places the onus of performance of the condition precedent to recovery on Magnolia and Lindy alone.  The motions seek vacation of the amended judgment, not modification.   Again, the Court's research could find not precise guidance in the jurisprudence, but borrows from the rationale set forth in cases dealing with other species of non-money judgments.

The United States Supreme Court addressed the requirements for Rule 60(b)(5) relief in the context of a consent decree in *Rufo v. Inmates of Suffolk Jail*, 502 U.S. 367, 383 (1992).

> Rule 60(b)(5) provides that a party may obtain relief from a court order when "it is no longer equitable that the judgment should have prospective

application," not when it is no longer convenient to live with the terms of a consent decree.  Accordingly, a party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree.  If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstance.

The "flexible" *Rufo* standard has been deemed suitable for application in other equitable cases.  12 *Moore's Federal Practice* § 60.47[2][b] (LexisNexis 3d ed. 2008).

Here, the Court finds that for the amended judgment to have prospective application for purposes of Rule 60(b)(5) is no longer equitable.  The Court finds that the movers have established a significant change in circumstances, namely the continued use by the plaintiffs of the purportedly defective product and the unreasonable delay in tendering its return,  warranting revision of the amended judgment for purposes of Rule 60(b)(5) relief, and that this change resulted from the deliberate choice of Magnolia and Lindy.

In this regard, the Court finds that for a plaintiff to deliberately delay meeting a condition precedent to money damages won after trial and appeal is counterintuitive.  The plaintiffs' deliberate delay until 2008 could not have been anticipated at the time the amended judgment was issued.

Finally, proceeding toward execution on the amended judgment would undermine the purposes of the law upon which the plaintiffs prevailed at trial   If Magnolia and Lindy did not comprehend the consequences of their trial decisions, their

13

resulting dissatisfaction should not be visited upon those taken to trial by them.   These

plaintiffs, represented by counsel, chose to bring an action in redhibition.   Assuming a

lack of fraud on plaintiffs' part, it is fundamentally unfair to provide them both a

prompt trial and the prolonged use of a product they alleged to be defective.

Redhibition does not contemplate that combination.  Indeed, such an extended use of an

allegedly defective product, even if subject to repair, would preclude the plaintiffs from

filing suit in 2008 for redhibitory defects.[14]

      The Court is mindful that Shakertown 1992 and C&I also prevailed on important

issues at trial.   There was no evidence introduced that any defect in the siding

adversely affected the integrity of any building upon which it had been placed.  The

movers anticipated that the plaintiffs were seeking two sets of functional siding for the

price of one, and the argument regarding return spotlighted the issue.   The

requirement of return was recognized by the courts as part and parcel of the claim of

redhibition.

      Accordingly,

---

[14]     The Court finds that the movers are alternatively entitled to relief under Rule 60(b)(6), which is a catch-all provision that gives the court discretion to afford a party from an order for "any other reason that justifies relief," but is extraordinary relief requiring a showing of exceptional circumstances.   "'The broad language of Fed. R.Civ. P. 60(b)(6) provides the court ample power to vacate judgments whenever such action is appropriate to accomplish justice.'" *Maddox v. Runyon*, 139 F.3d 1017, 1020 (5th Cir. 1998), quoting *Harrell v. DCS Equipment Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992).

IT IS ORDERED that the motions for relief from judgment filed by Shakertown 1992, Inc. and Commerce and Industry Insurance Company of Canada are GRANTED. (Rec. Docs. 405 & 417).   The amended judgment entered on September 20, 1998, is VACATED with respect to the money award to Magnolia Creek Apartments, L.P. and Lindy Investments, L.P.   The condition precedent that the shingles made the subject of the rescission of sale be returned is also VACATED.

New Orleans, Louisiana, this 4th day of August, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE